# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| J.L. WINDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1211 AGF |
| | ) | |
| UNKNOWN M., et al, | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis and submission of a civil complaint. The motion for leave to proceed in forma pauperis is granted. Additionally, this action is dismissed for lack of subject matter jurisdiction.

## Background

Plaintiff brings this action against Defendants Unknown M and ALIVE.[1] ALIVE offers safe shelter for domestic violence victims. *See* https://alivestl.org/ (accessed May 15, 2017). M is a representative of ALIVE. Plaintiff says M slandered him before the state court in a protection order case in St. Louis County, Case No. 16SL-PN03459. In that case, the court entered a full order of protection against Plaintiff, prohibiting him from contacting the petitioner. In the protection order, the court found that the petitioner proved her allegations against Plaintiff for "domestic violence, stalking, and/or sexual

---

[1] The petitioner incorrectly refers to ALIVE as ALIVESTL.ORG, which is a reference to its website.

assault . . ." *Id.* (J. entered December 1, 2016). On December 21, 2016, the court found Plaintiff to be in contempt of court. Plaintiff had contacted the petitioner through numerous third parties and filed several cases against the petitioner with false accusations. Plaintiff also had the petitioner arrested on false accusations.

Plaintiff argues that ALIVE has not held M "accountable for the actions done in a negative overtone, towards plaintiff."

## Discussion

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted); *see Kuhl v. Hampton*, 451 F.2d 340, 342 (8th Cir. 1971) (federal courts "were not established to mediate any and all types of complaints and alleged wrongs.").

There are two avenues to jurisdiction in federal court. Under 28 U.S.C. § 1331, the Court has "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." And under § 1332, the Court has jurisdiction over cases involving citizens of different states where the matter in controversy exceeds $75,000.

Plaintiff's cause of action arises under state tort law. There is no federal question, and the requirements for diversity jurisdiction have not been met. Therefore, this action must be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. (Doc. 2)

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

An Order of Dismissal will be filed forthwith.

Dated this 18th day of May, 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE